UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

NUTRACEA,                                    No. 2:06-cv-2019-MCE-DAD

    Plaintiff,

  v.                                         ORDER

LANGLEY PARK INVESTMENTS PLC;
HARRY G. PEARL; RUFUS PEARL;
PEARL INVESTMENT MANAGEMENT
SERVICES LIMITED; and DOES 1
THROUGH 50 inclusive,

    Defendants.

----oo0oo----

Presently before the Court is a Motion to Dismiss, brought by Defendant Langley Park Investment Trust PLC ("Langley Park"), pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3),[1] on grounds of lack of personal jurisdiction, or alternatively for improper venue.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

Since filing the motion, Defendant has withdrawn its jurisdictional objection, leaving the only unresolved issue whether or not this action should be dismissed for improper venue, under Rule 12(b)(3), given the presence of a forum selection clause in the underlying Stock Purchase Agreement which provided than any action regarding the Agreement was to be brought exclusively in New York, and determined in accordance with New York Law.

Preliminarily, while this Motion is premised on its face on Rule 12(b)(3) and requests outright dismissal instead of transfer, Plaintiff Nutracea points out, and Langley Park does not dispute, that outright dismissal would bar any newly filed action on statute of limitations grounds, since the applicable statute of limitations in a federal securities law action like this one is two years.  See In re Qwest Communications Int'l Inc. Securities Litigation, 387 F. Supp. 2d 1130, 1141 (D. Colo. 2005; see also 28 U.S.C. § 1658.  It is well settled that where a dismissal for improper venue under Rule 12(b)(3) would terminate a plaintiff's rights on timeliness grounds, the "interests of justice" instead mandate that the matter be transferred absent some showing of bad faith.  Burnett v. N.Y. Cent. R.R. Supp. Co., 380 U.S. 424, 430 n.7 (1965); Roberson v. Norwegian Cruise Line, 897 F. Supp. 1285, 1289 (E.D. Cal. 1995).

///
///
///
///

1    Aside from Langley Park's suggestion that the very filing of
2 this action outside of New York evidences bad faith in the face
3 of the forum selection provisions of the Stock Purchase
4 Agreement, Langley offers no credible basis for its claim of bad
5 faith, and the Court finds none under the circumstances of this
6 case.  Accordingly, the Court will treat Langley's request as a
7 request that Nutracea's lawsuit be transferred pursuant to 28
8 U.S.C. § 1404(a).  The propriety of transfer under that statute
9 hinges on more than the simple presence of a forum selection
10 clause.  As the Supreme Court noted in <u>Stewart Org., Inc. v.</u>
11 <u>Ricoh Corp.</u>, 487 U.S. 22, 30 (1988):

> Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs.  The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of the "interest of justice."

16    Turning first to the forum selection clause itself, the
17 Stock Purchase Agreement signed by the parties provides not only
18 that New York law shall govern the agreement, but also that any
19 action to enforce its terms be commenced in New York:

>     5.8.  <u>Governing Law; Venue; Service of Process.</u>  The parties hereto acknowledge that the transactions contemplated by this Agreement and the exhibits hereto bear a reasonable relation to the State of New York.  The parties hereto agree that the internal laws of the State of New York shall govern this Agreement and the exhibits hereto, including, but not limited to, all issues related to usury.  Any action to enforce the terms of this Agreement or any of its exhibits, or any other Transaction Document shall be brought exclusively in the state and/or federal courts situated in the County and State of New York.  If and only if New York declines jurisdiction within the State of New York, such action shall be brought in the State and County where the Target Company's principle (sic) place of business is situated ....

(Stock Exchange Agreement, attached as Ex. "A" to the Decl. of Harry Pearl, ¶ 5.8).

In spite of the professed choice of both a New York venue and New York law, this lawsuit entails allegations of securities fraud visited on a California corporation. California courts have identified a public policy on the state's part in preventing fraud and deception in securities transactions. <u>Hall v. Superior Court</u>, 150 Cal. App. 3d 411, 417 (1983). The Corporate Securities Act of 1968, California Corporations Code § 25000, et seq., was enacted to effectuate this policy by regulating securities transactions in California and providing statutory remedies, in addition to the remedies available under common law.[2] <u>Id.</u> Under California law, forum selection clauses will not be enforced if doing so significantly impairs the substantial legal rights of California consumers. <u>See</u> <u>Am. Online, Inc. v. Super. Ct.</u>, 90 Cal. App. 4th 1, 12 (2001).

Corporations Code § 25701, which applies whenever there is an offer to buy or sell securities in California, provides that "[a]ny condition, stipulation or provision purporting to bind any person acquiring any security to waive compliance with any provision of this law ... is void."

///

---

[2] Section 25401, for example, provides in pertinent part as follows: "It is unlawful for any person to offer or sell a security in this state or buy or offer a security in this state by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." This varies from the common law requirements for proving securities fraud, as well as federal law under SEC Rule 10b-5, which both require reliance and proof of causation. <u>See</u> <u>Bowden v. Robinson</u>, 67 Cal. App. 3d 705, 715 (1977) (California law); <u>Suez Equity Investors, L.P. v. Toronto-Dominion Bank</u>, 250 F.3d 87, 95-96 (2d Cir. 2001) (federal law).

In the face of § 25701 and the clear public policy it evinced, the Hall court declined to give effect to a clause selecting Nevada as the contractual forum.  Hall goes so far as to conclude that § 25701 "removes any discretion [in permitting the choice of forum provision at issue] and compels denial of enforcement."  Hall, 150 Cal. App. 3d  at 418.

Section 25701's prohibition applies equally to the venue selection and choice of law provisions set out in the Stock Exchange Agreement here, since Langley Park does not dispute Nutracea's claim that there are no similarly statutory protections available under New York law, which provides only common law protections as opposed to the additional statutory remedies encompassed within California's Corporate Securities Act of 1968.

While Nutracea argues strenuously that forum selection clauses like that contained in the Stock Purchase Agreement should be presumed valid, both the Supreme Court and the Ninth Circuit have recognized an exception to that general rule when the contractual choice-of-forum law would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); see also Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000).

///
///
///
///
///

5

1    Here, as both Section 25701 and the <u>Hall</u> decision make
2 clear, California does have a strong public policy in providing
3 additional statutory remedies to safeguard the public against
4 securities violations.[3]  That policy militates against
5 enforcement of the venue selection/choice of law clause[4]
6 contained within the Stock Purchase Agreement.  While Langley
7 Park argues that litigation in California still should not be
8 proceed because there has been no showing that New York courts
9 would not apply California law in adjudicating this dispute, the
10 Court finds that argument wholly unsatisfactory and unpersuasive.
11    The Court declines to enforce the forum selection clause
12 denominating New York as both the location for the instant
13 lawsuit and the source of the law to be employed in its
14 adjudication.  That conclusion is further underscored by
15 additional considerations of convenience and fairness that, as
16 stated above, must be evaluated in assessing a Section 1404(a)
17 motion to transfer, even in the face of the forum selection
18 clause involved here.  <u>Stewart</u>, 487 U.S. at 30.
19 ///
20 ///

---

[3] <u>See also</u> <u>Boam v. Trident Financial Corp.</u>, 6 Cal. App. 4th 738, 743-44 (1992) (California's Corporate Securities Act of 1968 "demonstrates a legislative intent to afford victims of securities fraud a remedy without the task of proving common law fraud").

[4] Although Langley Park argues that choice of law is separate and distinct from choice of forum and that the latter should be enforced even if the former is not by virtue of a severability provision contained in the Stock Exchange Agreement, the Court rejects any distinction in that regard on grounds that both issues are in fact "inextricably bound" together.  <u>See</u> <u>Hall</u>, 140 Cal. App. 3d at 416.

6

Aside from the fact that the escrow company selected by Langley to hold the Nutracea shares pending consummation of the agreement was located in New York, and Langley's counsel were also headquartered there, New York bears virtually no relationship whatsoever to this case.  The Stock Exchange Agreement was negotiated directly between Langley representatives in the United Kingdom and Nutracea personnel in California, and the signed transaction documents were forwarded from California to London and not to New York.  See Decl. of Brad Edson, ¶¶ 2-3.  Moreover, most of the witnesses and evidence, at least in the United States, would appear to be located in California where Nutracea has been headquartered.[5]  Nutracea claims that some ten other California companies were involved in Langley Park's private placement arrangements, and may also attest through California-based officers and employees to Langley's alleged fraud.  None of this points to New York as a more convenient forum, and instead highlights the impropriety of transferring this matter to New York.

///
///
///
///
///
///
///

---

[5] Although Langley contends that certain Nutracea personnel recently relocated to Arizona, that factor still does not make New York a more convenient locale for litigating this dispute.

7

1  Based on all the foregoing, Defendant Langley Park's Motion
2 to Dismiss, which the Court has construed as a request for
3 transfer, is hereby DENIED.[6]
4  IT IS SO ORDERED.

6 DATED: January 16, 2007

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[6] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

8